The judgment of the court was pronounced by
Slidell, J.
The first subject presented for our consideration by the appellant is the refusal of the court below to grant a continuance. The ruling of the court below cannot be enquired into here, the party not having taken a bill of exceptions to the ruling of the court. See the case of Florance v. York.
One of the grounds of injunction was, that the plaintiff had been disquieted in his possession of the property bought from the defendant, and had justreason to fear, that he would be further disquieted. Therefore he alleged, that he had a right to suspend the payment of the price until restored to quiet possession, or until security was furnished against eviction.
It appears that the plaintiff is owner of a large tract of land, only a portion of which was purchased from the defendant. There has been some distui'bance of the plaintiff’s possession of some portion of the tract purchased from others; but we find no such evidence touching a disturbance of possession of that portion purchased from the defendant, as would authorise a reduction of the price, even if the plaintiff was entitled to a reduction under the deed.
It appears from the evidence in the cause, that there are outstanding claims, which, if legal, would conflict with a small portion of the tract bought from the defendant. No actual disturbance from these claimants is shown; and even if the party had proved any reasonable apprehensions of disturbance by those claimants, we could not permit him to suspend the payment of the price, or require security; because it is shown, that at the time of his purchase he knew the existence .of these outstanding pretensions. See C. C. 2535. Whether the parol evidence going to prove that knowledge was admissible for the purpose of establishing an absence of right in the buyer to claim a restitution of price in case of actual eviction, is a question which was much discussed in the arguments of counsel, but upon which we consider an opinion unnecessary. The objections made to the competency of the witness appear to us untenable ; and we see no reason to question his credibility. We may add, that his testimony, on the score of credibility, is aided by the guarded and peculiar language of the deed of sale.
The testimony of this witness was taken under commission, and an objection was made to its reception at the trial, because a copy of the plat of survey, alluded to in the interrogatories and annexed to them by the defendant, was not served with the interrogatories upon the plaintiff before the commission issued. When the interrogatories were filed in the clerk’s office, the plat of survey was filed with them. It was there open to the inspection of the plaintiff, who resided in the parish. We know of no rule requiring, in such case, a service of a copy of a document annexed to interrogatories; and it seems to us, to exact it would be imposing unnecessary expense upon the litigants. There might be a propriety in such a requisition where the document was not put on file. But upon this point an opinion is unnecessary.
The plaintiff on a previous occasion enjoined the execution of the writ of seizure and sale obtained by Rickard. 4th Ann. 240. This writ remained suspended ; and after the dissolution of the injunction the sheriff was proceeding to sell under the old writ. Some installments had become due in the meantime. We are not prepared to say that this would have prevented the sheriff from proceeding solely under that writ. But the creditor seems to have assumed that it would, and obtained a new order of seizure and sale for the installments matured since the issuing of the former writ. A state of confusion was thus produced, and it would seem that the complaint of irregularity set up in the petition was not unfounded. The sheriff had already advertised under one writ, and given notice that he would proceed to advertise under the other; and the *367 only conclusion to which we can come is, that there was an intention to have two different sales. This is the only reason which induces us to refuse the creditor damages; and consequently to reverse the judgment of the court below.
If we had not concluded to reverse the judgment on other grounds, we should probably have disregarded, under the rule de minimis, the claim to enjoin, on account of an item of $47 30, costs of the appeal in Dwight v. Richard, 4th Ann. 240, which are set up in compensation, especially as no presentation of the claim and demand of payment were shown. As the matter stands, we will give the party relief for that item; and will endeavor by our decree to obviate any further delay.
It is therefore decreed, that the judgment of the district court be reversed; and it is further decreed, that the properly described in the deed of sale made by Theodule Richard to Edmund P. Dwight, whereof a copy is of record in this cause, and which was passed before Albert Duffell, recorder, on the 30th March, 1847, be seized and sold to pay to the said Theodule Richard the sums following, to wit: the sum of $2033 33, with interest thereon at the rate of eight per cent per annum from the 30th May, 1847, until paid; the further sum of $1500 with interest at the like rate thereon, from the 1st September, 1847; the further sum of $781 14 with interest at the like rate thereon, from the 7th August, 1849, until paid ; (this last named sum being the balance of the third installment of price, after deducting $47 30, costs of the former appeal;) the further sum of $803 with interest atthe like rate thereon, from the 1st March, 1850, together with the costs of executing this decree. And it is further decreed, that the costs of this suit, (No. 177,) already incurred in the District and Supreme Court, and also the costs in suit No. 172 be paid by the said defendant, Theodule Richard.